ORIGINAL

FILED
U.S. DISTRICT COURT

2009 MAY 14 PM 2: 35

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MAKUSHAMARI GOZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 308-112 |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA and CORRECTIONS ) | |
| CORPORATION OF AMERICA'S ) | |
| SHAREHOLDERS, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate detained at the Etowah County Jail, located in Gadsen, Alabama, when this action commenced, filed the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP").[1] After a review of Plaintiff's

---

[1] On December 31, 2008, the Court granted Plaintiff's first IFP motion and directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days, cautioning him that failure to respond could result in the dismissal of this case. (Doc. no. 4). The time period to comply with the December 31st Order expired, yet Plaintiff failed to provide a properly completed Prisoner Trust Fund Account Statement or a signed Consent to Collection of Fees as required. Indeed, the Court's December 31st Order was returned as "undeliverable." Accordingly, on February 11, 2009, the Court entered a Report and Recommendation advising that Plaintiff's case should be dismissed without prejudice for Plaintiff's failure to prosecute. (Doc. no. 5). Plaintiff filed objections to the Report and Recommendation, providing the Court with his new address and indicating that he was willing to pursue his case. Therefore, the Court vacated its February 11, 2009 Report and Recommendation, and directed Plaintiff to either submit the $350.00 filing fee or a new motion to proceed IFP within twenty (20) days of the Order if he wished to pursue the above-captioned case. (Doc. no. 9). Upon his release from confinement, Plaintiff filed a renewed motion to proceed IFP. (See doc. nos. 9, 10-2).

complaint and prior history of case filings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to appoint counsel and request to proceed IFP be **DENIED** (doc. nos. 10-1, 10-2), and that this action be **DISMISSED** without prejudice.

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:[2]

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other*

---

[2] Plaintiff's release from prison does not excuse him from the provisions of the PLRA discussed herein. Harris v. Garner, 216 F.3d 970, 981 (11th Cir. 2000) ("The status that counts, and the only status that counts, for purposes of section 1997e(e) is whether the plaintiff was a 'prisoner confined in a jail, prison, or other correctional facility' at the time the federal civil action was 'brought,' i.e., when it was filed."). As noted above, Plaintiff was incarcerated when he filed the above-captioned complaint.

[3] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

*grounds by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose: 1) whether they have brought other federal lawsuits while incarcerated, 2) whether they were allowed to proceed IFP in any such lawsuits, and 3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3). In response, Plaintiff indicated that he has never before brought any lawsuit in federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim.[4] (Id. at 2-3). Additionally, Plaintiff indicated that he has only filed one other law suit in federal court.[5] (Id.). Plaintiff's response was made under penalty of perjury. (Id. at 6).

Contrary to Plaintiff's assertion, the Court is aware of at least three cases which Plaintiff has previously filed in federal court. See Gozo v. Atlanta City Det. Ctr., Civil Case No. 107-1435 (N.D. Ga. June 19, 2007) (hereinafter "CV 107-1435"); Gozo v. Chertoff, Civil Case No. 107-2765 (N.D. Ga. Nov. 7, 2007) (hereinafter "CV 107-2765") ; and Gozo v. Corrections Corp. of Am., Civil Case No. 408-153 (M.D. Ga. Nov. 17, 2008). Additionally, CV 107-1435 was dismissed pursuant to 28 U.S.C. § 1915A as frivolous, id.

---

[4]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 2).

[5]Plaintiff claims the only case he previously filed was Gozo v. Atlanta City Det. Ctr., Civil Case No. 107-1435 (N.D. Ga. June 19, 2007).

3

at doc. no. 7; and CV 107-2765 was dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim, id. at doc. no. 2. Thus, Plaintiff clearly provided false information about his prior filing history.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[6]

---

[6] The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.
>
> This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."
>
> Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

4

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to appoint counsel and request to proceed IFP and be **DENIED** (doc. nos. 10-1, 10-2) and that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process. See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.).

SO REPORTED and RECOMMENDED this 14th day of May, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).